UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KORAY BAYSAL,

        Plaintiff,

v.                                         Case No. 1:10-cv-696-HJW

ERIC H. HOLDER, JR., et. al.,

        Defendants.

### ORDER

This matter is before the Court on the plaintiff's "Petition for Adjudication of Naturalization Application" (doc. no. 1) and the defendants' "Motion to Dismiss" (doc. no. 9) for lack of subject matter jurisdiction and for failure to state a claim for relief. Plaintiff opposes the motion. Having carefully considered the pleadings, the parties' briefs and exhibits, and applicable law, the Court will <u>grant</u> the motion for failure to state a claim for relief and <u>dismiss without prejudice</u> the plaintiff's petition for the following reasons:

### I. Facts and Procedural History

Koray Baysal ("plaintiff") is a citizen of Turkey and a native of Libya. Plaintiff entered the United States in 2003 and married a U.S. citizen, Christina Callaway. Plaintiff received "conditional permanent resident" status in the United States on December 14, 2004. Plaintiff and Ms. Calloway thereafter divorced, and plaintiff married another woman. The conditions on plaintiff's permanent resident status were removed on March 22, 2007. Plaintiff currently resides in Morrow, Ohio.

**Plaintiff filed his naturalization application on September 22, 2009, and was interviewed on January 4, 2010. More than 120 days passed after the interview, and pursuant to 8 U.S.C. § 1447(b), plaintiff filed on October 8, 2010, a petition seeking adjudication of his naturalization application by this Court. Plaintiff attached several documents to his petition, including the filing fee receipt for his naturalization application, a notice setting his interview for January 4, 2010, and records of his inquiries as to the status of the application (doc. no. 1-1, Exs. 2, 3, 4).**

On November 19, 2010, the United States Citizenship and Immigration Services ("USCIS") denied plaintiff's application for naturalization and initiated removal proceedings against him for "willfully engaging in a fraudulent marriage with Christina Callaway for the sole purpose of obtaining an immigration benefit" (doc. no. 9, Exs. A, B). The removal proceedings commenced when the "Notice to Appear" at Immigration Court was filed on December 15, 2010. See 8 C.F.R. §§ 1003.14(a) and 1239.1(a). The removal proceedings are on-going, with a hearing set for February 29, 2012 in the Cleveland Immigration Court (doc. no. 17 at 3, fn.2).

On January 19, 2011, the United States Attorney General ("US-AG") and other defendants (collectively "defendants"), moved to dismiss plaintiff's petition for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). In their motion, the defendants assert that 1) the complaint is moot because Baysal has already received the relief he requested (i.e., consideration of his naturalization application); and 2)

federal courts may not consider a § 1447(b) petition for adjudication of naturalization application while removal proceedings are pending against the applicant.

## II. Issues Presented

The main issues before the Court are: (1) whether this Court lacks subject matter jurisdiction over plaintiff' petition; and (2) whether this court may consider plaintiff's petition for adjudication of naturalization while removal proceedings are pending against him.

## III. Standard of Review

### A. Subject Matter Jurisdiction under Rule 12(b)(1)

Defendants contend that this Court lacks subject matter jurisdiction over the petition, and indicate that they are presenting both a "factual" and a "facial" challenge to this Court's subject matter jurisdiction. The Court of Appeals for the Sixth Circuit has explained that:

> "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists.

DXL, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004) (citing RMI Titanium Co. v. Westinghouse Elec. Corp., 78 F.3d 1125, 1133-35 (6th Cir.1996) and United States v. Ritchie, 15 F.3d 592, 598 (6th Cir.1994)). When considering a "factual" challenge under Rule 12(b)(1), courts may consider evidence to determine whether jurisdiction actually exists, see Nichols v. Muskingum College, 318 F.3d 674, 677 (6th Cir. 2003),

and plaintiff bears the burden of proving that the court properly has subject matter jurisdiction. Golden v. Gorno Bros., Inc., 410 F.3d 879, 881 (6th Cir. 2005).

A "facial" challenge merely alleges that the plaintiff's complaint does not allege a basis for subject matter jurisdiction. Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990). A facial challenge attacks the sufficiency of the pleadings, and the trial court takes the allegations of the complaint as true, which is similar to the Rule 12(b)(6) standard. Id.; Gentek Bldg. Products, Inc. v. Sherwin-Williams Co., 491 F.3d 320, 330 (6th Cir. 2007).

**B. Failure to State a Claim upon which Relief can be Granted under Rule 12(b)(6)**

"A party may, by motion, defend against a claim for relief if the claimant fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (quoting Twombly v. Bell Atlantic, 550 U.S. 544, 570 (2007)). However, courts are not required to accept legal conclusions couched as factual allegations. Twombly, 550 U.S. at 555-56 (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n. 1 (2002)). A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

**IV. Analysis**

**A. Whether this Court has subject matter jurisdiction over the petition**

Plaintiff received a naturalization interview and more than 120 days then elapsed without a decision by USCIS on his application. Given the delay, plaintiff

filed a petition for adjudication of his naturalization application in this federal court pursuant to 8 U.S.C. § 1447(b), which provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120–day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

The statutory language does not expressly indicate that the district court's jurisdiction is exclusive, but the majority opinion is that the proper filing of a § 1447(b) petition provides the federal court with exclusive jurisdiction over the petition. See Bustamante v. Napolitano, 582 F.3d 403, 405 (2d Cir. 2009) ("only the district court has jurisdiction over a naturalization application once an applicant files a proper Section 1447(b) petition"); Etape v. Chertoff, 497 F.3d 379, 383 (4th Cir. 2007) (same); United States v. Hovsepian, 359 F.3d 1144 (9th Cir. 2004) (en banc) ("Section 1447(b) allows the district court to obtain exclusive jurisdiction over those naturalization applications on which the INS fails to act within 120 days"); and see, Lucaj v. Dedvukaj, 749 F.Supp.2d 601 (E.D.Mich. 2010) (upon the filing of the § 1447(b) petition, jurisdiction is vested exclusively in the federal court).

After plaintiff filed his petition in federal court, USCIS denied his application for naturalization and commenced removal proceedings against him. Defendants contend that plaintiff's petition is "moot" because he has received the relief he requested, i.e. USCIS consideration of his naturalization application (doc. no. 9 at 1).

**Plaintiff asks this Court to grant his naturalization application and give him his oath of citizenship (doc. no. 1, Request for Relief ¶ 3). Defendants argue that USCIS has already denied plaintiff's naturalization petition. The Court need not belabor these arguments, because even assuming that the Court has subject matter jurisdiction under 8 U.S.C. § 1447(b), the commencement of removal proceedings against plaintiff essentially precludes further consideration of plaintiff's federal petition here.**

**B. Whether the Pending Removal Proceeding Against Plaintiff Precludes Consideration of Plaintiff's Application for Naturalization**

The Immigration Act of 1990, at 8 U.S.C. § 1429, provides that "no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding. . . " 8 U.S.C. § 1429 (2006). Pursuant to 8 U.S.C. §1421(a), the exclusive power to naturalize aliens rests with the Attorney General of the United States through USCIS. <u>Zayed v. United States</u>, 368 F.3d 902, 906 (6th Cir. 2004).

Section 1429 limits the availability of relief for naturalization applicants in federal court. "[A]lthough § 1429 does not directly strip the district courts of jurisdiction to review the denial of applications for naturalization while removal proceedings are pending, the statutory scheme does limit the scope of judicial review and the availability of meaningful relief." <u>Zayed</u>, 368 F.3d at 903. The Court of Appeals for the Sixth Circuit has explained that:

> **§ 1429 should be read to restrict the scope of the district court's authority under § 1447(b), as we have held it does for claims under § 1421(c), we conclude that the district court was not deprived of subject matter jurisdiction.**

Page 6 of 8

> **However, because removal proceedings were (and still are) pending, the district court was precluded from granting relief pursuant to § 1447(b) by either adjudicating the application for naturalization or remanding to the USCIS with instructions that it do so. Accordingly, it was not error to dismiss plaintiff's § 1447(b) claims without prejudice.**

Rahman v. Napolitano, 385 Fed.Appx. 540, 544 (6th Cir. 2010), cert. denied, 131 S.Ct. 1612 (2011). In other words, removal proceedings have statutory priority over naturalization proceedings. The procedural facts of Rahman are on point with the procedural facts of the present case.

Plaintiff attempts to distinguish his case from Rahman by pointing out that he filed his § 1447 complaint before removal proceedings had commenced. However, this is a distinction of no importance. As the Court of Appeals for the Sixth Circuit explained in Zayed, the timing of filing is immaterial under the statute. "Regardless of when removal proceedings are initiated, the Attorney General may not naturalize an alien while such proceedings remain pending." Zayed, 368 F.3d at 907. Like the complaint in Rahman, plaintiff's complaint is subject to dismissal without prejudice for failure to state a claim for which relief can be granted. Very simply, "no relief may be granted" to plaintiff in light of the provisions of § 1429. Given that removal proceedings are currently pending against Baysal, § 1429 expressly precludes the relief he seeks from this Court.

Accordingly, the defendants' "Motion to Dismiss" (doc. no. 9) is granted for failure to state a claim for relief; the plaintiff's "Petition for Adjudication of Naturalization Application" (doc. no. 1) is dismissed without prejudice.

**IT IS SO ORDERED.**

                                                **s/Herman J. Weber**
                                      **Herman J. Weber, Senior Judge**
                                      **United States District Court**